Citation Nr: 1505518 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 08-38 261 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to November 2011.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Wendell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1965 to November 1967.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) in May 2013. A transcript of the hearing is associated with the claims file. An April 2014 Board decision denied entitlement to a TDIU. A December 2014 order of the United States Court of Appeals for Veterans Claims (Court) implemented a Joint Motion for Remand, vacating and remanding the Board decision. Thus, the issue of entitlement to a TDIU is again before the Board.

The Board has not only reviewed the Veteran's physical claims file but also the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The issue of entitlement to apportionment of the Veteran's VA benefits has been raised by the record in a July 2014 statement and formal application, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

VA's duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim. See 38 C.F.R. 
§ 3.159(c)(4). The Board notes that while a combined-effects medical opinion is not required in every case in order to adjudicate the issue of entitlement to TDIU, it must be explained how the evidence of record supports a determination that the combined effects of the Veteran's multiple service-connected disabilities do not prevent him from obtaining or maintaining substantially gainful employment.
See Floore v. Shinseki, 26 Vet. App. 376, 382 (2013). In this case, there is substantial evidence pertaining to each individual service-connected disability and its effect on the Veteran's ability to obtain and maintain substantially gainful employment. However, there is no evidence that addresses the cumulative effect of the Veteran's disabilities on his employability. Therefore, the Board finds that further development is required before a determination can be made.

In an effort to completely develop the claim, the Board finds that a social and industrial survey is in order, with contacts of any recent employers, friends and neighbors, and his wife, to ascertain the nature of the Veteran's interactions and circumstances of his most recent employments and his termination therefrom. The Veteran has repeatedly attributed his repeated terminations from jobs to his difficulties in interacting with coworkers and supervisors, most recently in his April 2012 VA psychiatric examination. Following the survey, a medical opinion should be obtained from an appropriate medical professional concerning the cumulative functional impairment resulting from the Veteran's service-connected disabilities for the period prior to November 2011.

Accordingly, the case is REMANDED for the following action:

1. Obtain a social and industrial survey to ascertain the degree of the Veteran's social interactions and work or work-like functioning. The evidence of record must be made available to and reviewed by the individual conducting the survey. The report from this survey must include comments on the Veteran's day-to-day functioning and the degree of social and industrial impairment which the Veteran experiences as a result of his service-connected disabilities. Information must be sought from former employers regarding any work impairments and reasons for any cessation of work or quitting or firing. Friends and neighbors must be interviewed to ascertain the nature of the Veteran's social interactions. The Veteran's wife must also be interviewed, for information concerning familial interactions/ socialization. 

The surveyor is not limited to the foregoing instructions, but the individual conducting the survey may seek initial or additional development in any survey area that would shed more light on the Veteran's ability to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. To the extent possible, the surveyor should focus on the level of the Veteran's impairment for the period prior to November 2011.

2. After the above development is completed, schedule the Veteran for an examination with an appropriate medical professional who is qualified to offer an opinion regarding the functional impairment of the Veteran's service-connected disabilities with regard to his employment. 

In proffering an opinion, the examiner should review the paper and electronic claims file and address the Veteran's functional limitations due to his service-connected disabilities, jointly, as they may relate to his ability to function in a work setting and to perform work tasks for the period prior to November 2011. The examiner must specifically take into consideration the Veteran's level of education, special training, and previous work experience, but not his age or any impairment caused by nonservice-connected disabilities.

All opinions expressed should be accompanied by supporting rationale.

3. Thereafter, readjudicate the issue on appeal as noted above. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran and his representative should be afforded the applicable time period to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).